Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

JONATHAN MOSES PEGO,

    *Defendant*.

_____/

Case No: 11-20016

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.**  **Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX     (1)     The government moved for detention at Defendant's first appearance pursuant to:

           XX     18 U.S.C. § 3142(f)(1).

           __     18 U.S.C. § 3142(f)(2).

__     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.**  **Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__     (1)     Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

  ___    (2)    The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

  ___    (3)    A period of less than five years has elapsed since

          ___    the date of conviction, **or**

          ___    Defendant's release from prison for the offense described in finding (B)(1).

  ___    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**    **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

    ___    for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

    ___    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    ___    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    ___    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    ___    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    ___    the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.**    **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

  ___    (1)    There is a serious risk that Defendant will not appear.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

__    (2)    There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

XX    both of the above.


**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(I):**

The government has timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f). The government argues that a rebuttable presumption in favor of detention applies in this case, citing 18 U.S.C. § 3142(e)(2). After review of Defendant's prior criminal history, I conclude that none of the presumptions in favor of detention apply. The Court will therefore consider Defendant's circumstances using the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves a crime of violence within the meaning of 18 U.S.C. § 3142(f)(1). I find from the grand jury having returned an indictment that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charge against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 21 years of age and was born in Mount Pleasant, Michigan. He is a member of the Saginaw Chippewa Native American Tribe.

Defendant was raised primarily in foster homes until the age of 10, at which time he began living with his grandparents. Defendant has lived in the Mount Pleasant area throughout his life with the exception of a two-year period when he attended a vocational school in Nevada. At the time of his arrest, Defendant was residing with the victim of the alleged assault in Grand Rapids, Michigan. Defendant has never been employed and receives biweekly per capita from the Saginaw Chippewa Tribe.

In 2003, Defendant was convicted as a juvenile of malicious destruction of property less than $200. Nine months later, Defendant was charged and convicted as a juvenile with larceny less than $200. After his return from Nevada in October 2008, Defendant was convicted of third-degree retail fraud. He was given six months' probation as well as 39 days in jail, which was deferred under Michigan's Holmes Youthful Trainee Act ("HYTA"). He was also required to complete other conditions of probation, including community service and remedial classes.

In November 2008, Defendant was charged with failure to comply with the HYTA requirements, as he had received a ticket for being a minor in possession of alcohol while under supervision. He also failed to complete the community service and other classes. One month later, another violation hearing was held and Defendant pled not guilty. Another probation violation hearing was held in January 2009 and Defendant's probation was extended and conditions were added. Two months later, another bench warrant was issued for failure to report to his probation officer on two occasions.

After a hearing in March 2009, Defendant's supervision was again continued. Less than three weeks later, he was charged with assault and battery while armed. His probation was again continued. Yet another bench warrant was issued three months later for possession of marijuana and positive drug tests. Defendant's HYTA status was revoked and Defendant was discharged from probation. Additional bench warrants were later issued for failure to pay fines, costs and restitution.

In addition to the earlier mentioned December 2008 minor-in-possession charge, Defendant was convicted a second time of minor-in-possession in January 2009. In July 2009, Defendant was convicted of possession of marijuana. He served 19 days in jail and six months' probation. While on that probation, Defendant was convicted in January 2010 of assaulting, resisting and obstructing a police officer. He was sentenced to three days in jail and fines and costs. Less than three weeks later, Defendant was charged and convicted of operating while intoxicated. He served at least 15 days in jail in addition to fines and costs. In October 2010, Defendant was charged with two counts of resisting and obstructing police officers and consumption of alcohol by a minor, third or subsequent offense. Pretrial Services reported that Defendant failed to appear for his sentencing. Less than a month later, the assault giving rise to the indictment in this case took place.

In addition to the criminal history already described, Defendant's tribal record includes open charges for family violence and a controlled substances violation, as well as a March 2009 assault and battery while armed. Defendant also has three open and active warrants in his name. One is a misdemeanor warrant issued December 30, 2010, by the Saginaw Chippewa tribal authorities. In addition, there is a bench warrant for failure to appear issued on January 12, 2011, by the Isabella County Circuit Court relating to the earlier described failure to appear, and also a bench warrant for contempt of court issued again by the Isabella County Circuit Court relating to bond violations.

The Assistant United States Attorney contends that shortly after this alleged assault, Defendant and his girlfriend fled this district. Defendant was ultimately found living with his girlfriend, the victim of the alleged assault, and was apprehended. Defendant's girlfriend testified. She stated that the two of them went to Grand Rapids with the intent of living with family and friends until they could ultimately establish themselves in the Grand Rapids area. I conclude, however, that whether Defendant fled to avoid prosecution on this indictment is irrelevant, as it

is beyond doubt based upon the evidence before this Court that he absconded from his sentencing on the October 2010 resisting and obstructing charge.

Counsel for Defendant maintains that Defendant is in serious need of inpatient substance abuse treatment for alcohol addiction. She proposes conditions, including inpatient treatment at the Tribal facility, a tether, strict reporting requirements, and the appointment of a third-party custodian. Although defense counsel states that there are reliable third-party custodians available to assist Defendant, she lists none, and none saw fit to appear at the hearing so that the Court could confirm their willingness to assume the responsibilities required of third party custodians under the Bail Reform Act.

As I weigh the facts presented under the standards set forth in the Bail Reform Act, I conclude that Defendant's extensive criminal history, which includes assaultive crimes, has almost entirely taken place while he was on court-imposed probation, a factor I am required to consider under the Bail Reform Act. Thus, it is plainly obvious that Defendant is unwilling to abide by the conditions of supervision, and I see no legitimate reason to believe that this pattern of behavior would change if Defendant is placed on bond in this case. While Defendant may in fact need treatment, as well-stated by the Second Circuit, "[w]here [as is clearly evidenced in this case] there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *U.S. v. Colombo*, 777 F.2d 96, 98-99 (2d Cir. 1985).

For all these reasons, I conclude that there are absolutely no conditions nor any combination of conditions I could fashion which would reasonably assure the safety of the community, and in particular, the safety of the alleged victim. Nor, in light of Defendant's acknowledged flight to avoid sentencing on state charges, are there any conditions I could fashion that would reasonably assure Defendant's appearance for future proceedings. Accordingly, the government's motion to detain is **GRANTED**.

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: April 5, 2011

s/ *Charles E Binder*
CHARLES E. BINDER
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Doris Winters, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: April 5, 2011      By   s/*Jean L. Broucek*
Case Manager to Magistrate Judge Binder